### GROSSE v. RUNGE LUMBER CO.
### (No. 7059.)

(Court of Civil Appeals of Texas, San Antonio. Feb. 13, 1924.  Rehearing Denied Feb. 13, 1924.)

**Appeal and error ⚖═1039(13)—Judgment for balance on undisputed account not reversed for inconsistencies between account attached to petition and verified account.**

Where action on account was to recover balance of a named sum, and proof of such balance was unobjected to, defendant cannot urge on appeal that allegation of credit for payments made in itemized account attached to petition was greater than that of the verified account filed after the petition, and transplant the larger credit to the sum claimed by the verified account; the balance purporting to be due being the same in both accounts.

Appeal from Karnes County Court; D. O. Klingeman, Judge.

Action by the Runge Lumber Company against C. Grosse. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas B. Smiley, of Karnes City, for appellant.

W. T. Scarborough and John W. Thames, both of Kenedy, for appellee.

FLY, C. J.  Appellee sued appellant for a balance due on an open account of $411.36. Appellant filed a general denial. The petition was filed on October 31, 1922, and the general denial on May 21, 1923. To the petition was attached an itemized account, showing that appellant had purchased goods valued at $2,441.13, on which it was alleged that $2,029.77 had been paid, leaving a balance of $411.36. On May 21, 1923, a verified account was filed, without any further pleading, which showed that appellant had bought a different aggregate sum, but still that he

owed $411.36 balance on the account. Appellant filed a sworn plea, to the effect that the verified account was not just or true, in whole or in part. Neither of the accounts were introduced in evidence; the only testimony being that of J. P. Taylor, who, the statement of facts says, "proved up sworn account, same being previously filed in this cause on the 21st day of May, 1923." He swore that he was the bookkeeper for the Runge Lumber Company, and was fully cognizant of the transaction sued upon, that he entered all the charges in the books of the company, and that there was a balance due on the account in the sum of $411.36, and that the same had not been paid. The witness was not cross-examined, nor was any of his testimony objected to. No testimony was introduced by appellant.

The contention is that, because appellee alleged in his petition that appellant had paid $2,029.77 on his indebtedness, and had afterwards filed a verified account showing that appellant had bought only $1,965.39, therefore appellant had paid more than he owed, in the sum of $64.38. The allegation of the payment of $2,029.77 must be taken in connection with the further allegation that appellant had bought goods of the value of $2,441.13. He will not be permitted to seize the allegation that $2,029.77 had been paid on an account of $2,441.13, and transplant it to another account for $1,965.39, in which it is alleged that appellant had only paid $1,554.03 on that sum. In each of the accounts it is set out that appellant owed the same balance of $411.36. All of the testimony shows that he owes that sum, and the judge and jury in the trial so found, and their judgment will not be set aside on a mere technicality, in whch there is no merit. The suit was for a balance of $411.36, and it matters little about the inconsistencies in the two accounts.

The opinions heretofore filed are withdrawn, and in deference to the earnest motions for rehearing filed by appellant we file this opinion, making clearer the position of the court.

The judgment is affirmed.